**IN THE COURT OF APPEALS OF IOWA**

No. 15-0846
Filed July 9, 2015

**IN THE INTEREST OF A.D.,**
**Minor Child,**

**D.B., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.

The father appeals the termination of his parental rights to his child, A.D. **AFFIRMED.**

Jeannine Roberts, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd and Diane Stahle, Assistant Attorneys General, Jerry Vander Sanden, County Attorney, and Rebecca Belcher, Assistant County Attorney, for appellee State.

Julie Trachta of Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, P.J.**

The father appeals the termination of his parental rights to his son, A.D. He asserts the State failed to prove by clear and convincing evidence his rights should be terminated pursuant to Iowa Code section 232.116(1)(h) (2013), and that termination of his parental rights is not in A.D.'s best interests due to the parent-child bond. We conclude A.D. cannot be placed in the father's care because of his inability to maintain suitable housing, as well as his lack of compliance with the request of the Department of Human Services (DHS) that he demonstrate he has his mental health and substance abuse issues under control; therefore, termination under paragraph (h) is proper. Moreover, the father has seen A.D. a total of fifteen times during the child's life, and so cannot establish the parent-child bond should preclude termination. Consequently, we affirm the order of the juvenile court terminating the father's parental rights.

A.D., born March 2012, was living with the mother when, in September 2013, the mother was hospitalized for mental health reasons. Estranged from the father, the mother did not have a suitable placement for A.D., and he was removed from the home on September 18, 2013. He was eventually placed with the maternal grandmother, where he remained at the time of the termination hearing.

Prior to the child-in-need-of-assistance (CINA) proceedings, the father had never met A.D.; his first contact with him was on February 26, 2014. The father was first notified of the pending child in need of assistance proceedings following the dispositional hearing on October 24, 2013. The father had supervised visits with A.D. a total of fifteen times during the pendency of these proceedings.

Though he indicated he would like to be considered as a placement option, the DHS worker noted that he "is minimally invested in his son's life and visits. He needs regular prompting to parent [A.D.]." As of the time of the termination hearing, the father had last seen A.D. on July 25, 2014.[1]

The father reported he has borderline intellectual functioning and has been diagnosed with schizophrenia, which he must manage with medication. However, he provided no documentation to DHS indicating he is compliant with his prescribed medication; nor has he followed through with DHS's request for drug testing, a request that was issued after the father admitted to a history of marijuana and methamphetamine use.[2] He receives social security disability payments, which are his only source of income. He is unable to maintain stable housing and moves around from friend to friend or stays with his on-again off-again paramour. He was imprisoned from July until August 2014, after pleading guilty to first-degree harassment, following threats to a family member that he would kill her and her children.

The State filed a petition to terminate the mother's and father's parental rights on August 20, 2014. A contested hearing was held on March 2, 2015, in which the father, although served with notice, did not personally appear but was

---

[1] The reason visits were suspended is that, though the father indicated he was willing to comply with DHS's requests, he failed to submit a hair stat test to show he was not using illegal substances.

[2] In a DHS report dated March 5, 2014, it was noted the father stated he has been sober for four years; however, he admitted to using marijuana in July 2014 after he was charged with first-degree harassment.

represented by counsel. The juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(h).[3] The father appeals.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interest. *Id.* To terminate parental rights under Iowa Code section 232.116(1)(h), the State must establish the child is three years old or younger, adjudicated CINA, removed from the home for six of the last twelve months, and there is clear and convincing evidence the child cannot be returned home at the present time.

The father concedes the first three elements of paragraph (h) were met, but disputes the finding A.D. cannot be placed in his care. We do not agree. The father cannot maintain suitable housing for himself, let alone a child, given he has failed to obtain a residence of his own during the pendency of these proceedings. Nor has he been able to stay in one place; instead, as the father stated, he has been "couch hopping." Moreover, the father has failed to provide reassurance that he is taking his medication as prescribed, or otherwise attending to his mental health needs—which is a particularly important consideration when determining whether the father can adequately parent A.D. *See In re A.M.S.*, 419 N.W.2d 723, 724 (Iowa 1988). Equally as concerning, he has failed to provide evidence he is no longer using illegal substances, despite confessing he used marijuana as recently as July 2014. Based on these facts,

---

[3] The court also terminated the mother's parental rights under this paragraph; however, she does not appeal.

the State proved by clear and convincing evidence A.D. cannot be returned to the father's care, and we affirm under paragraph (h).

Furthermore, we do not agree with the father's claim that termination of his rights is not in A.D.'s best interests. Though they have established somewhat of a bond, the father has had extremely limited contact with A.D. over the course of his life. He only showed an interest in A.D. when he was notified his rights might be terminated, yet, as of the termination hearing in March 2015, he had not seen A.D. since July 2014. Therefore, any parent-child bond that may exist does not render termination not in A.D.'s best interests. Moreover: "We have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998); *see also* Iowa Code § 232.116(2). It is important that A.D. be afforded permanence, particularly given his young age. Therefore, we conclude the juvenile court properly found termination is in A.D.'s best interests.

For these reasons, we affirm the order of the juvenile court terminating the father's parental rights to his son, A.D.

**AFFIRMED.**